UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EUGENE JERMAINE MCCUTCHEON,

Petitioner,

vs. Case No. 2:05-cv-526-FtM-29DNF

UNITED STATES OF AMERICA,

Respondent.

___________________________________

**OPINION AND ORDER**

This matter comes before the Court on petitioner Eugene Jermaine McCutcheon's (petitioner or McCutcheon) Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. #1) and the United States' Motion to Dismiss Section 2255 and to Stay Proceedings Pending Ruling (Doc. #9). On August 14, 2007, the Court ordered petitioner to file his response to the motion to dismiss within twenty days, and notified him that the Court would rule upon the pending motion without the benefit of a response if no response was filed in the allotted time period. (See Doc. #13.) Petitioner has not filed a Response to the government's motion, and the time to do so has expired.

**I.**

The facts of the criminal case[1] underlying petitioner's claims are well described in the government's motion (Doc. #9, pp. 2-6). The July 2004 Indictment (Cr. Doc. #3) charged McCutcheon with three violations of 21 U.S.C. § 841: knowing and willful possession with intent to distribute cocaine (Count One); knowing and willful possession with intent to distribute five grams or more of cocaine base (Count Two); and knowing and willful possession with intent to distribute fifty grams or more of cocaine base (Count Three). On August 30, 2004, petitioner entered into a Plea Agreement (Cr. Doc. #29) in which he agreed to plead guilty as charged in exchange for the United States' agreement not to bring additional charges against him and to provide certain other consideration (id. at pp. 1-2, 4-8). The next day, petitioner appeared before United Magistrate Judge Douglas Frazier and pled guilty. (Cr. Doc. #27.) Based upon Judge Frazier's Report and Recommendation (Cr. Doc. #28), the Court accepted petitioner's guilty plea on September 9, 2004 (Cr. Doc. #30). At the December 20, 2004 sentencing hearing, the undersigned granted the government's motion for a downward departure based on substantial assistance (Cr. Docs. #32, #35), and the government's motion to reduce sentence for timely notification of intent to enter a plea of guilty (Cr. Docs. #33, #36).

---

[1]Docket numbers referring to corresponding criminal case no. 2:04-cr-66-FTM-29DNF are cited as (Cr. Doc. #), and docket numbers referring to the civil case are cited as (Doc. #).

Petitioner was sentenced to 210 months imprisonment (Cr. Doc. #34), and Judgment was entered on December 28, 2004 (Cr. Doc. 37). Petitioner filed his timely §2255 motion (Cr. Doc. #40, Doc. #1) on November 4, 2005.

**II.**

The §2255 Motion raises two claims: (1) that petitioner received ineffective assistance of counsel when his attorney failed to file a direct appeal as petitioner had requested challenging the sentence under Blakely[2]; and (2) that the Court committed error by applying a "mandatory sentencing scheme" which has been "rendered constitutionally defective" under Booker[3].

In its motion to dismiss, the government argues that "it appears plainly from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief" because the grounds specifically identified by petitioner for his section 2255 motion are precluded by the appeal waiver provision of his Plea Agreement. Specifically, the government points out that (1) petitioner's Plea Agreement included an appeal waiver provision that was executed after Blakely, and therefore incorporated "language specific to the waiver of Blakely-type direct or collateral challenges" (Doc. #9, p. 9), and (2) that

[2]Blakely v. Washington, 542 U.S. 296 (2004).

[3]United States v. Booker, 543 U.S. 220 (2005).

petitioner's "statutory Booker challenge is covered" by the waiver provision (id. at p. 8).

**A.**

Petitioner pled guilty to all three Counts of the Indictment pursuant to a Plea Agreement (Cr. Doc. #80) which contained the following provision:

> The defendant understands and acknowledges that defendant's sentence will be determined and imposed in conformance with the Comprehensive Crime Control Act of 1984 and the federal sentencing guidelines. Defendant is also aware that a sentence imposed under the sentencing guidelines does not provide for parole. Knowing these facts, the defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum set forth for the offense and pursuant to the sentencing guidelines and expressly waives his right to appeal defendant's sentence, directly or collaterally, on the ground that the sentencing guidelines are in any respect unconstitutional, on the grounds that any fact found by the Court for sentencing was not alleged in the indictment, was not admitted by the defendant, was not found by a jury, was not found beyond a reasonable doubt, or was found based upon evidence not admissible under the Federal Rules of Evidence, and on any other ground . . . except in the following situations: (a) an upward departure by the sentencing judge; (b) a sentence above the statutory maximum; or (c) a sentence in violation of other law apart from the sentencing guidelines . . . .

(Cr. Doc. #29, p. 14.)  It is well established that sentence-appeal waivers are valid if made knowingly and voluntarily. Williams v. United States, 396 F.3d 1340, 1341 (11th Cir. 2005)(citing United States v. Bushert, 997 F.2d 1343, 1350-51 (11th Cir. 1993), cert. denied, 513 U.S. 1051 (1994)).  Petitioner initialed each page of the Plea Agreement, including the page containing the above waiver

language.  (Cr. Doc. #29, p. 14.)  Moreover, the magistrate judge highlighted and explained this waiver provision as part of petitioner's plea colloquy, and established that petitioner understood the provision, had spoken with his attorney about it, and made the waiver knowingly and voluntarily.  (Cr. Doc. #12-2, pp. 12-13.)  The Court finds that the appeal waiver was clearly knowing and voluntary under Bushert, 997 F.2d at 1350, and its progeny, e.g., United States v. Grinard-Henry, 399 F.3d 1294, 1296 (11th Cir. 2005), cert. denied, 544 U.S. 1041(2005).

The Eleventh Circuit has found that "the right to appeal a sentence based on *Apprendi/Booker* grounds can be waived in a plea agreement.  Broad waiver language covers those grounds of appeal." United States v. Rubbo, 396 F.3d 1330, 1335 (11th Cir.), cert. denied, 546 U.S. 933 (2005).  The waiver petitioner signed in this case included language specifically applicable to Blakely and therefore Booker.  Therefore, Booker and Blakely issues were waived by petitioner in this case, and the second claim in the § 2255 petition will therefore be dismissed.

**B.**

Issues of ineffective assistance of counsel can be raised in a § 2255 proceeding even where petitioner could have raised the issues on direct appeal but failed to do so.  Massaro v. United States, 538 U.S. 500 (2003).  The Supreme Court established a two-part test for determining whether a convicted person is entitled to

habeas relief on the ground that his or her counsel rendered ineffective assistance: (1) whether counsel's representation was deficient, i.e., "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defendant, i.e., there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). See also Williams v. Taylor, 529 U.S. 362 (2000); Wiggins v. Smith, 539 U.S. 510 (2003); Florida v. Nixon, 125 S. Ct. 551 (2004).

The law is clear that an attorney is ineffective if he disregards specific instructions to file a notice of appeal, even if an appeal would have no meritorious issues. Roe v. Flores-Ortega, 528 U.S. 470 (2000); Gomez-Diaz v. United States, 433 F.3d 788 (11th Cir. 2005); Thompson v. United States, 504 F.3d 1203, 1206 (11th Cir. 2007); Otero v. United States, 499 F.3d 1267 (11th Cir. 2007). Petitioner asserts that he instructed his attorney to file a direct appeal. His attorney denies such a request was made. Given the material factual disputes in this case, an evidentiary hearing is necessary to determine if Petitioner gave such instructions and whether counsel in fact consulted with defendant about an appeal.

Accordingly, it is now

**ORDERED:**

1. The United States' Motion to Dismiss Section 2255 and to Stay Proceedings Pending Ruling (Doc. #9) is **GRANTED** to the extent that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. #1) is **DISMISSED** as to Ground II relating to the propriety of the sentence under Blakely and Booker because of the waiver provision in the Plea Agreement, and is otherwise **DENIED.**

2. Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. #1) is **DISMISSED** in part and **taken under advisement** in part, as follows:

    A. Ground II of the motion relating to the propriety of the sentence under Blakely and Booker is dismissed because of the waiver provision in the Plea Agreement; and

    B. The Court takes Ground I of Petitioner's Motion under advisement pending an evidentiary hearing on the matter as set forth below.

3. Pursuant to the Rules Governing § 2255 Cases in the United States District Courts, Rule 8(b), Ground I of Petitioner's Motion to Vacate, Set Aside or Correct Sentence is referred to the assigned Magistrate Judge for purposes of holding an evidentiary hearing and submitting a report and recommendation regarding the appropriate disposition of this issue.

4. Petitioner qualified for court-appointed counsel in the underlying case, and the only change in his circumstances has been his incarceration. Accordingly, the Court finds that petitioner qualifies for court-appointed counsel in this proceeding. The Clerk of the Court shall designate the next available Criminal Justice Act panel attorney to represent petitioner.

5. The Clerk shall withhold the entry of judgment until the conclusion of the case.

**DONE AND ORDERED** at Fort Myers, Florida, this 28th day of December, 2007.

John E. Steele
JOHN E. STEELE
United States District Judge

Copies:
U.S. Magistrate Judge
Petitioner
AUSA
MAGCD