# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FT. MYERS DIVISION

**EUGENE JERMAINE MCCUTCHEON,**

        **Petitioner,**

**-vs-**                                                **Case No. 2:05-cv-526-FtM-29DNF**
                                                                        **2:04-cr-66-Ftm-29DNF**

**UNITED STATES OF AMERICA,**

        **Respondent.**

_____/

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

       This cause is before the Court on the Petitioner, Eugene Jermaine McCutcheon's Motion Under 28 U.S.C. §2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Doc. 1) filed on November 4, 2005.  On December 28, 2007, the Honorable John E. Steele, United States District Judge entered an Order (Doc. 14) which referred Ground I of McCutcheon's Motion to Vacate, Set Aside Or Correct Sentence "for the purposes of holding an evidentiary hearing and submitting a report and recommendation regarding the appropriate disposition" of Ground I which is the issue of whether McCutcheon received ineffective assistance of counsel by his trial counsel's failure to file a Notice to Appeal. (Doc. 1, p. 4).  An evidentiary hearing was held on April 3, 2008, and the evidence was limited to this issue.  The Court appointed attorney Mark Ciaravella to represent McCutcheon.

**I. History of Case**

McCutcheon was charged in a three Count Indictment. In Count One, McCutcheon was charged with possession with intent to distribute a detectable amount of cocaine in violation of 21 U.S.C. §§841(a)(1), 841(b)(1)(C), and 18 U.S.C. Section 2. In Count Two, McCutcheon was charged with possession with intent to distribute 5 grams or more of a substance containing a detectable amount of crack cocaine in violation of 21 U.S.C. §841(a)(1), 841(b)(1)(B)(iii), and 18 U.S.C. Section 2. In Count Three, McCutcheon was charged with possession with intent to distribute fifty (50) grams or more of crack cocaine in violation of 21 U.S.C. §841(a)(1), 841(b)(1)(A)(iii), and 18 U.S.C. §2. (See, Doc. 1 in the criminal case[1]). Attorney Roy Foxall was appointed to represent McCutcheon in the criminal case. (See, Doc. 10 in the criminal case).

On August 31, 2004, McCutcheon entered a plea of guilty pursuant to a Plea Agreement (Docs. 27 and 29 in the criminal case). He plead guilty to Counts One, Two and Three of the Indictment. (Doc. 27 in the criminal case). The guilty plea was accepted (Doc. 30 in the criminal case), and a Judgment was entered on December 28, 2004. (Doc. 37 in the criminal case). McCutcheon was sentenced to a term of 210 months, each count to run concurrently. (Doc. 37, p. 2, in the criminal case). McCutcheon was also sentenced to three years Supervised Release on Count One, and five years supervised release as to Court Two and Three, each count to run concurrently. (Doc. 37, p. 3, in the criminal case).

**II. Testimony**

The Government presented the testimony of Roy Foxall. McCutcheon testified on his own behalf.

---

[1] The criminal case number is 2:04-cr-66-FtM-29DNF.

### A. Testimony of Roy Foxall

Attorney Roy Foxall has been practicing law since 1989 and his practice consists of litigation with approximately one-third of his practice being in the criminal law. (Tr.[2] p. 4). Foxall was appointed to represent McCutcheon in 2004. (Tr. p. 4). Prior to McCutcheon entering a plea of guilty, Foxall advised McCutcheon about the terms of the Plea Agreement.(Tr. p. 4). Foxall signed the Plea Agreement and witnessed McCutcheon signing the Plea Agreement as well. (Tr. p. 5). Foxall explained the section of the Plea Agreement entitled "Appeal of Sentence: Waiver" to McCutcheon, and McCutcheon understood this section and asked no questions about it. (See, Doc. 29, p. 14 and Tr. p. 5-6). At the sentencing on December 20, 2004, the District Court explained the terms of the waiver of appeal as well. (Tr. p. 6). Foxall testified that he spoke with McCutcheon on the telephone after sentencing and before the ten-day period to appeal had expired regarding the prospects for an appeal. (Tr. p. 7). Foxall explained to McCutcheon that he found no grounds to appeal the sentence in the case. (Tr. p. 7). Foxall had no other discussions with McCutcheon regarding an appeal. (Tr. p. 7).

On cross-examination, Foxall testified that his office is open every business day, and his office is instructed to accept collect calls from the jail if a client is calling. (Tr. p. 8). Foxall did not recall if there were any collect calls or messages from McCutcheon around Christmas-time of that year. (Tr. p. 8). Foxall did not recall discussing *Booker*[3] with McCutcheon, but did recall discussing *Blakely*[4] with McCutcheon at the time of the plea. (Tr. p. 9). McCutcheon's sentence was severe due to his

---

[2] "Tr" refers to the Transcript (Doc. 23) of the evidentiary hearing held on April 3, 2008.

[3] *United States v. Booker*, 543 U.S. 220 (2005).

[4] *Blakely v. Washington*, 542 U.S. 296 (2004).

status as a career offender having committed three qualifying felonies. (Tr. p. 9). McCutcheon did assist the Government by helping to locate a fugitive.(Tr. p. 9). Foxall testified that he tried to obtain a downward departure, but was not successful. (Tr. p. 9-10). Foxall testified that he spoke with McCutcheon by telephone on December 29, 2008, for approximately 12 minutes, but did not personally visit McCutcheon at the jail. (Tr. p. 10-11). Foxall did not have notes from that telephone conversation. (Tr. p. 11). He recalled discussing the reasons, if any to appeal the sentence, and his attempt to get a reduction in the sentence for further assistance. (Tr. p. 12). Foxall told the Defendant that he would not be filing an appeal. (Tr. p. 12). Foxall testified that if a client directs him to file an appeal, he would file the appeal no matter if there was merit to the appeal or not. (Tr. p. 12). Foxall testified that McCutcheon did not tell him to file an appeal. (Tr. p. 12).

### B. Testimony of Eugene McCutcheon

McCutcheon testified that the District Court Judge informed him at the sentencing that he had ten days to file an appeal. (Tr. p. 16). Two days after sentencing, McCutcheon testified that he called Foxall and "told him that I wanted to appeal the case." (Tr. p. 16). Foxall told him there were no grounds to file an appeal, and McCutcheon told Foxall that he "still wanted an appeal" and to "[f]ile it anyway and let the Court decide." (Tr. p. 16-17). McCutcheon called Foxall's office again regarding an appeal, and again Foxall stated there were no grounds to appeal, and McCutcheon said to file an appeal anyway. (Tr. p. 17). McCutcheon told Foxall that he wanted an appeal based on *Blakely*, and Foxall told him *Blakely* did not apply to his case. (Tr. p. 17). McCutcheon contacted Foxall again in January 2005 about the *Booker* or *Blakely* decision, asking Foxall to file an appeal, and Foxall told him he would get back to McCutcheon, but Foxall never contacted him again. (Tr. p. 18).

On cross-examination, McCutcheon stated that he did not understand that he was waiving his right to appeal. (Tr. p. 19). He did sign the Plea Agreement but did not understand the section regarding waiving his right to appeal. (Tr. p. 19-20). After his sentence, McCutcheon spoke with people coming back from prison whose cases were on appeal. (Tr. p. 20). From these people he learned that he had grounds to appeal regarding his career criminal status and *Blakely* issues. (Tr. p. 20, 21, 22). McCutcheon's first conversation after sentencing with Foxall was regarding McCutcheon not understanding his designation as a career criminal. (Tr. p. 21). His second conversation with Foxall in January 2005 was after he spoke to people that came from other prisons regarding *Blakely* or *Booker* and how it would apply to him and his appeal. (Tr. p. 21). On redirect, McCutcheon testified that he never told Foxall not to file an appeal, he always wanted Foxall to file an appeal on his behalf. (Tr. p. 23).

### III. Analysis

The Supreme Court held in *Strickland v. Washington*, 466 U.S. 668 (1984), a defendant claiming ineffective assistance of counsel must show (1) that counsel's representation "fell below an objective standard of reasonableness," and (2) that counsel's deficient performance prejudiced the defendant. *Id*. at 694. To determine if counsel was deficient in failing to file a notice of appeal, a court must first ask: "whether counsel in fact consulted with the defendant about an appeal. We employ the term 'consult' to convey a specific meaning – advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." *Roe v. Flores-Ortega*, 528 U.S. 470, 478 (2000). If counsel did consult with his client, then the question of whether counsel's performance is ineffective can be answered as follows: "Counsel

performs in a professionally unreasonable manner only by failing to follow the defendant's express instruction with respect to an appeal." *Id*. The defendant is not required to establish that his direct appeal has merit, he is only required to show that "his counsel's constitutionally deficient performance deprived him of an appeal he would have otherwise taken - i.e., the defendant expressed to his attorney a desire to appeal." *McElroy v. United States*, 2007 WL 4393955, *1 (11th Cir. 2007) (citing *Strickland v. Washington*, 466 U.S. at 484, and *Gomez-Diaz v. United States*, 433 F.3d 788, 792 (11th Cir. 2005)).

There is no *per se* constitutional duty to consult with a client about an appeal. *Otero v. United States*, 499 F.3d 1267, 1270 (11th Cir. 2007). Some cases require consultation and some do not. *Id*. "This duty to consult arises when either '(1) any rational defendant would want to appeal, or (2) his particular client reasonably demonstrated an interest in appealing.'" *McElroy v. United States*, 2007 WL 4393955, *1 (11th Cir. 2007), (citing *Gomez-Diaz v. United States,* 433 F.3d 788, 792 (11th Cir. 2005) and quoting *Flores-Ortega*, 528 U.S. at 480).

One factor to consider is whether the defendant received the sentence that he bargained for. *Otero v. United States*, 499 F.3d at 1270. Another factor to be considered by the Court is whether the defendant entered a plea of guilty or went to trial. *Flores-Ortega*, 528 U.S. at 480. When entering a guilty plea, it indicates that a defendant is "'seek[ing] an end to judicial proceedings.'" *Otero v. United States*, 499 F.3d at 1270 (quoting *Flores-Ortega*, 528 U.S. at 480). If the defendant entered a plea of guilty, then the scope of the issues to be appealed is lessened. *Flores-Ortega,* 528 U.S. at 480. However, even if the defendant contractually waived the right to appeal, counsel may be ineffective for not filing a notice of appeal when directed to by the defendant because the merits of an appeal are not to be considered when determining whether an out-of-time appeal should be permitted.

*Gaston v. United States*, 237 Fed.Appx. 495, 497 (11th Cir. 2007). Prejudice is presumed when counsel fails to file a notice of appeal when requested by a defendant. *Id.* at 496 (citing *Flores-Ortega*, 528 U.S. at 483). If the Court determines that counsel was ineffective for not filing a notice of appeal, then the court must vacate the judgment, reimpose the same sentence, and inform the defendant of his right to appeal and that he has ten days in which to file a notice of appeal. *Id* at 497.

In the instant case, both McCutcheon and Foxall testified that Foxall consulted with McCutcheon after sentencing discussing the merits of an appeal. Both McCutcheon and Foxall testified that in Foxall's opinion, there were no grounds to appeal McCutcheon's sentence. After this point, the testimony is in conflict. Foxall testified that he told McCutcheon that he would not be filing an appeal, and Foxall testified that McCutcheon never directed him to file an appeal. Further, Foxall testified that if any client asks him to file an appeal, he knew it was his obligation to file a notice of appeal, whether or not he thought the appeal had merit. The Court finds that Foxall's testimony was credible. Foxall clearly testified that in his opinion there were no grounds for an appeal, but if a client asked for him to file an appeal, he would file it. Foxall testified that McCutcheon did not ask him to file an appeal. Mr Foxall's testimony was clear and convincing.

McCutcheon testified that he told Foxall that even though there were no grounds to appeal, he wanted Foxall to file an appeal anyway. Although McCutcheon testified that he asked Foxall to file an appeal even if there were no grounds, the Court finds that his testimony was not credible. McCutcheon first talked to Foxall about an appeal asking Foxall to explain his career criminal status. Foxall made it clear that there were no grounds for an appeal, and he was not filing an appeal. It appears that after McCutcheon spoke to other prisoners later in January 2005, he learned about the *Blakely* case or possibly the *Booker* case and then McCutcheon claimed to have asked Foxall to file a notice of appeal.

However, Foxall's records indicate and his recollection was that he spoke to McCutcheon in December 2004, and did not speak to him again. The Court finds that McCutcheon failed to give Foxall express instructions with respect to filing an appeal.

The Court determines that Attorney Roy Foxall was not ineffective in not filing a notice of appeal, and respectfully recommends that Ground I of the Petitioner's Motion Under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody be denied.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida this __28th__ day of April, 2008.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record